UNITED STATES *v.* HENSEL, BRUCKMANN & LORBACHER, INC.
(DR. MARC GOLANSKY)

No. 4684.—Invoice dated Riga, Latvia, February 25, 1938.
       Entered at New York March 19, 1938.
       Entry No. 830759.

(Decided November 21, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the plaintiff.

*Puckhafer, Rode & Rode* (*George J. Puckhafer*, of counsel) for the defendant.

DALLINGER, Judge: This collector's appeal to reappraisement involves the question of the dutiable value of certain Hebrew and Russian printers' type exported from Latvia by way of the free port of Hamburg, Germany, in February and March, 1938, and entered at the port of New York during the latter period. The merchandise was entered at the prices appearing on the *pro forma* invoice filed at the time of entry and was appraised as entered. Subsequently a consular invoice was filed containing the statement that the home market value of the merchandise was 15 per centum higher than the invoice prices. Upon receipt of this information the United States examiner who passed the merchandise recommended that the collector file the present appeal.

The Government offered in evidence a report of Treasury Representative Charles Kruszewski, dated September 19, 1938, to which were attached numerous exhibits, all of which were admitted in evidence as Collective Exhibit 1. From this report it appears that the importer herein is the exclusive agent in the United States of the foreign manufacturers of this merchandise; that identical type of the kind herein involved is not sold in Latvia but that similar type composed of identical material and differing only in the formation of the letters was sold in Latvia at the time of exportation herein on a weight basis at from 88 to 92 cents per kilo as against 80 cents per kilo paid for the instant merchandise.

In addition to this report the Government offered in evidence the testimony of John Schreiner, United States customs examiner at the port of New York, who, being shown certain samples of type marked Exhibits H and I of Collective Exhibit 1, testified that they were of the same general character as the merchandise herein with the exception of the formation of the letters and that the instant importations consisted of Hebrew and Russian type.

The witness also testified that he based his recommendation for the present collector's appeal on the information contained in the consular

invoice which had not been filed at the time of exportation when the original appraisement was made and which information was corroborated by the special agent's report (Collective Exhibit 1).

On cross-examination he testified that he had heard of the Didot system of measuring type which was used by European type foundries and which is different from the Anglo-American system used by American type foundries, and that the body of the Anglo-American type is slightly smaller than the former.

The importer, Marc Golandsky, appearing in his own behalf, testified that he was a citizen of Latvia where his father was in the printing business; that although he was a banker and did not work as a printer, nevertheless he was familiar with the different kinds of type and the systems that they represent; that the type represented by defendant's Exhibit 2 for Identification was different from the imported merchandise; that he was familiar with the price list issued by Guttenberg, manufacturer of the type; that the three pieces of type which were admitted in evidence as Collective Illustrative Exhibit 3 were Anglo-American and were similar to the type described in the invoice herein, and that there was no difference between the home market value and the export value of this particular merchandise in Latvia.

On cross-examination it developed that the witness had not been in Latvia at any time during the year 1938, the year of the exportation of the within merchandise.

The importer then offered in evidence an affidavit of the foreign manufacturer of the instant merchandise which corroborates the statement in the consular invoice and in the special agent's report that merchandise such as or similar to the instant merchandise is sold in Latvia at prices 15 per centum higher than for exportation to the United States. This affidavit was admitted in evidence as Exhibit 4.

Upon this record I find that the dutiable value of the merchandise herein is the foreign value thereof which is 15 per centum higher than the export value thereof and, therefore, that the invoice value plus 15 per centum constitutes the dutiable value of said merchandise.

Judgment will be rendered accordingly.